Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Booker T. Wade Jr.<br><br>　　　Debtor-Appellant<br><br>―――――――――――――――<br><br>Booker T. Wade Jr.<br><br>　　　Petitioner,<br><br>　　　vs<br><br>Arlene D. Stevens,<br><br>　　　Appellee-Respondent. | Case No. 5:14-CV-03453-LHK<br><br><br><br>Chapter 11 Case No. 13-50376 SLJ<br><br><br><br>EMERGENCY *EX PARTE*<br>MOTION FOR STAY;<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES |

## REQUEST FOR STAY

Concurrently herewith, Booker T. Wade Jr., as Debtor, has filed a Petition and Motion to Compel Arbitration herein, pursuant to a Settlement Agreement reached on the record between Debtor and Arlene D. Stevens. The Petition and Motion request this Court to compel compliance with the provisions in the Settlement Agreement that requires the parties to submit for resolution any disputes implementing the Settlement Agreement to a JAMS Inc. arbitrator. Debtor hereby incorporates by reference that Petition and Motion.

As detailed in the Petition and Motion, Arlene Stevens has neglected and refused to comply with the arbitration provisions. Under the U.S. Arbitration Act, 9 U.S.C., Section 3, during the pendency of the arbitration, this Court is required to stay the underlying proceeding if the Court finds that arbitration provisions exist and the specific disputes are within the arbitral issues and Debtor is not in default of arbitration.

On September 23, 2014, the Bankruptcy Court granted Stevens' motion to lift the automatic stay to allow Stevens to oust Debtor from, and foreclose on, the Palo Alto condominium and to allow counsel for Stevens to release to Stevens contested funds of $988,600 now held in two escrow accounts controlled by counsel for Stevens. <u>The order granting the motion will become effective in 14 days, projected entry projected as October 14, 2014.</u> The order will permit Stevens to dissipate estate property and deny benefits to Debtor's creditors and deny Debtor ownership of Debtor's exempt interests. Thus, Debtor, on an emergency basis, moves the Court to stay the effectiveness of the bankruptcy proceeding, including the grant of stay relief, pending action on the Petition and Motion to Compel Arbitration and thereafter, pending compliance with the arbitration provisions, as authori9ty by the U.S. Arbitration Act (FAA).

## MEMORANDUM OF POITNS AND AUTHORITIES

Section 3 of the FAA provides –

> "If any suit or proceeding be brought in any of the courts of the Untied States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

In reviewing applications for stay pending arbitration, District courts may consider only issues relating to making and performing arbitration provisions. Seguros Benevenez S.A. v S/S Oliver Dresher, 761 F.2d 855 (2d Cir. 1985).

Upon a finding of three specified conditions, Section 3 has been interpreted to deny the Court discretion to decline a stay request. The conditions are (1) arbitration provisions in the agreement (2) arbitral issues presented and (3) non-default by the applicant. Once the Court is satisfied that that the matter is referable to arbitration, Section 3 provides that the Court "shall" stay the underlying proceeding until the arbitration is completed. USM Corp. v GKN Fasteners Ltd. (1st Cir. 1978) 574 F.2d 17; Seguros, supra.

As reflected in the Reporter's Transcript as cited in the Petition and Motion at 5 and Exhibit 1, the Settlement Agreement required arbitration as to any and all issues, including specifically contemplated disputes. Further, as stated in Debtor's Declaration attached to the Petition and Motion, no demand has not refused nor neglected to arbitrate any dispute.

Given the above, Debtor requests the Court to stay the underlying bankruptcy proceeding, pending action on the Petiti9on and Motion and thereafter pending completion and compliance with the arbitration provisions.

Respectfully submitted,

Booker T. Wade Jr.
Debtor-Petitioner-Appellant

October 2, 2014

## Declaration of Booker Wade

I, Booker T. Wade declare as follows:

1. Declarant is the debtor and Petitioner herein.
2. I have prepared and read the foregoing pleading and state that the factual information contained therein is true.
3. I declare that I am not in default of any request for arbitration.

October 2, 2014

*[signature]*

Booker T. Wade Jr.

## Certificate of Service

I, Fan Wen, certify that I am over the age of 18 and that my business address is at 1206 Kifer Road, Sunnyvale, CA 94086. On the date shown below, I caused to be delivered via next day U.S. mail, postage prepaid, a copy of the foregoing pleading exclusive of Exhibit 1, and addressed to the following:

> David Hamerslough
> Rossi Hamerslough Reisch & Chuck
> 1980 The Alameda Suite 200
> San Jose, CA 95126

> John S. Wesolowski, Esq.
> Office of the United States Trustee
> U.S. Department of Justice
> 280 South First Street, Suite 268
> San Jose, CA 95113

_____
Fan Wen

October 3, 2014