UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BOOKER T. WADE JR., | ) Case No.: 14-CV-03453-LHK ) ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION |
| Debtor, | |

    Before the Court are two motions: first, an Emergency *Ex Parte* Motion for Stay ("Ex Parte Motion"), and second, a Motion to Compel Arbitration ("Motion to Compel"). Both are brought by Booker T. Wade, Jr. ("Appellant," "Debtor," or "Wade"). For the reasons stated below, the Court finds it lacks jurisdiction to hear Appellant's Motion to Compel and therefore DENIES both the Motion to Compel and the Ex Parte Motion.

**I.    BACKGROUND**

    This Court summarized the relevant background in its prior Order Denying Emergency *Ex Parte* Motion for Temporary Restraining Order, ECF No. 4, but reproduces it here for the convenience of the reader.

    Appellant filed a pro se petition for Chapter 11 bankruptcy in Bankruptcy Court on January 22, 2013. Arlene Stevens ("Stevens"), who had a long-term business and personal relationship with Appellant, moved the Bankruptcy Court for relief from the automatic stay that results from the

1

Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION

commencement of bankruptcy proceedings. Meanwhile, Appellant filed a Motion to Reject Executory Contract in an attempt to undo a contract with Stevens.

On September 5, 2013, the Bankruptcy Court issued an Order Denying Motion to Reject Executory Contract and Granting Motion for Relief from Stay. That Order summarizes the pertinent background to the instant Motions:

> Prior to 2009, [Debtor and Stevens] were engaged in litigation in the Santa Clara Superior Court and San Mateo County Superior Court. Subsequently, the two actions were consolidated. Over the course of two and a half days, the parties to the litigation, Wade and Stevens, negotiated a comprehensive settlement, under the supervision of Judge Jamie Jacobs-May. Both Debtor and Stevens were represented by counsel in that negotiation. At the conclusion of the negotiation, Judge Jacobs-May put the settlement the parties reached on the court's record. The transcript of that resolution (the "Transcript") runs 116 pages, and was attached as Exhibit 1 to the Rejection Motion. Although a written version of the Settlement was not signed by the parties, both Debtor and Stevens agreed that the terms of the Settlement are embodied in the 116-page transcript of the settlement conference, dated January 21, 2009.
>
> From a reading of the Settlement, it becomes clear Debtor and Stevens were personally and romantically involved for many years. During that time, they acquired individually and together, as well as through certain closely held businesses, both real and personal property. They also participated in the operation of certain businesses, including Wedding TV, a television station, KMTV. Finally, they owned certain transmission licenses and equipment. The Settlement clearly evinces the parties' intention to resolve their disputes, divide their properties and part ways--for good.
>
> To summarize the parties' 116 page settlement discussion is challenging and unnecessary in this context. The major points of agreement were these: Stevens would sell real property at 3515 Tripp Road, Woodside, California, and Debtor would sell real property at 1010 Corporation Way, Palo Alto, and 605 Forest Avenue, Palo Alto. Stevens would keep the proceeds of the Woodside Property. Debtor would keep the proceeds of the Forest Avenue Property. Stevens and Debtor would split the proceeds of the Corporation Way property 60%-40%.
>
> In addition, Debtor took certain broadcast equipment, and agreed to pay Stevens $300,000 for that equipment by giving her a promissory note. The broadcast licenses held by the parties or their affiliates would be sold and the proceeds distributed to Stevens and Debtor 70%-30%. Stevens was granted ownership of certain broadcasts of Wedding TV, a program produced by the parties, and Debtor agreed to deliver to Stevens the digital computer equipment on which those episodes were recorded. The parties retained their personal effects, and agreed to split furnishings based on ownership and use. The parties agreed to present any disputes about their Settlement to Judge Silver, a JAMS arbitrator who had worked with them previously.
>
> The parties also agreed to prepare a final settlement document reflecting the terms of their deal. They also agreed, however, that if no final settlement agreement was drafted, that they would be bound by the deal they placed on the record.

2

> According to the declaration of David Hamerslough, Stevens' state court counsel, the Settlement has been complied with in material respects by Stevens. Among other things, Stevens sold the real property located 3575 Tripp Road, Woodside, California, and deposited $620,000 in proceeds in a separate bank account, pending further order from the state court. Stevens also sold cellular licenses. Counsel is holding $176,000 in funds pending further order from the state court. 1010 Corporation Way, Palo Alto, California, was foreclosed by the lender representing the Small Business Administration before it could be sold. Debtor did not sell the real property at 605 Forest Avenue, Palo Alto, California. A broadcast license in Topeka, Kansas has not been sold because Debtor was not able to secure the right to sell it from co-owners. Debtor did not give Stevens a $300,000 promissory note.
>
> Debtor has made several attempts to set aside the Settlement, generally based on perceived unfairness or a lack of impartiality on the part of Judge Jacobs-May or Judge Silver.
>
> On May 7, 2009, the Superior Court granted Stevens' motion to enforce the Settlement. Debtor moved for a writ of mandamus in the California Court of Appeals but that court denied the writ in an order dated December 2, 2009. The California Supreme Court denied Debtor's petition for review.
>
> On August 26, 2009, Debtor moved to vacate the Settlement. On November 10, 2009, the Superior Court denied that motion.
>
> On April 19, 2010, Debtor again moved the Santa Clara Superior Court to vacate the Settlement. The motion was denied by an order docketed on June 17, 2010. The Court of Appeals denied Debtor's petition for a writ of mandamus on September 17, 2010.

*See* Bankr. Case No. 13-50376-SLJ, ECF No. 71 (footnotes and headings omitted).

The Bankruptcy Court denied the Motion to Reject Executory Contract and granted the Motion to Lift the Stay, thereby allowing Stevens' state court actions against Appellant to proceed. The state court entered its judgment resolving the actions on June 13, 2014. ECF No. 3, Ex. 4. That judgment resolved a number of disputes regarding the settlement agreement, including the requirement that Appellant immediately transfer the property located on Forest Avenue ("the Palo Alto Condo") to Stevens and that Appellant vacate the Palo Alto Condo within 30 days. *Id.*

Meanwhile, on May 6, 2014, Appellant moved the Bankruptcy Court to compel Stevens' counsel to turn over property of the estate stemming from the sale of a property unrelated to the Palo Alto Condo. The Bankruptcy Court denied this motion. It is from the Bankruptcy Court's

3

Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION

denial of that motion that Appellant appealed to this Court, creating the instant case.[1] *See* ECF No. 1.

Subsequently on August 26, 2014, Stevens moved the Bankruptcy Court to lift its automatic stay, allowing Stevens to enforce the judgment entered in state court. *See* Bankr. Case No. 13-50376-SLJ, ECF No. 217. The Bankruptcy Court granted the motion on September 23, 2014 ("Order Lifting Stay"). *See id.* ECF No. 234. On October 3, 2014, Appellant filed this Ex Parte Motion, asking this Court to stay the Bankruptcy Court's Order Lifting Stay. Concurrently, Appellant filed the Motion to Compel asking this Court to compel arbitration pursuant to the Federal Arbitration Act and the terms of binding arbitration that Appellant says are in the settlement agreement or, in the alternative, to find the settlement agreement invalid. Mot. to Compel at 6-9.

## II.   LEGAL STANDARD

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). The District Courts of the United States have jurisdiction to hear appeals, in relevant part, "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings." 28 U.S.C.A. § 158(a)(1). However, this Court's appellate jurisdiction extends only to matters raised before the Bankruptcy Court; put another way, a party cannot raise an issue on appeal that was not properly presented to the Bankruptcy Court. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) (party that raises an argument for the first time on appeal from the ruling of a bankruptcy court is generally deemed to have waived the argument); *In re Luciano*, 200 F. App'x 628, 630 (9th Cir. 2006) (same); *In re Magnacom Wireless, LLC*, 503 F.3d 984, 996 (9th Cir. 2007) (party that "failed to raise [an] argument before either the bankruptcy court or the district court" waived it); *In re Smith*, No. 11-CV-04548, 2012 WL 3583226, at *5, n.2 (N.D. Cal. Aug. 20, 2012) (appellant that failed to present "meaningful argument" on an issue in front of the bankruptcy court "has . . . waived any

---

[1] On July 9, 2014, Appellant filed an Emergency *Ex Parte* Motion for Temporary Restraining Order. ECF No. 3. This Court denied the ex parte motion on the grounds that the *Rooker-Feldman* doctrine—which prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment—precluded review. *Id.* at 4-6.

4
Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION

error of that determination"); *Forever Green Athletic Fields, Inc. v. Dawson*, 514 B.R. 768, 782 (E.D. Pa. 2014) ("Further, any issue not raised in the Bankruptcy Court is deemed waived and we may not consider it on appeal.").

With respect to a request to stay an order or judgment, "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. A party seeking a stay must satisfy each of the following elements: "1. Appellant is likely to succeed on the merits of the appeal. 2. Appellant will suffer irreparable injury. 3. No substantial harm will come to appellee. 4. The stay will do no harm to the public interest." *In re Yeganeh*, No. 06-2788, 2006 WL 1310447, at *4 (N.D. Cal. May 12, 2006) (citing *In re Wymar*, 5 B.R. 802, 806 (9th Cir. 1980)).

## III. DISCUSSION

### A. Motion to Compel

Appellant's Motion to Compel effectively asks this Court to order the parties to enter into arbitration, pursuant to the binding arbitration provisions that Appellant contends are within the settlement agreement.[2] However, appellant does not appear to have properly presented this argument to the Bankruptcy Court. Appellant has not filed a motion to compel arbitration in the Bankruptcy Court. The Bankruptcy Court's order that Appellant challenges does not indicate that the issue was argued or decided. *See* ECF No. 1. Nor does the transcript from the hearing that preceded the Bankruptcy Court's order reflect that either party raised the issue. *See* Bankr. Case No. 13-50376-SLJ, ECF No. 183. Nor did Appellant discuss this issue in his moving papers. *See* Bankr. Case No. 13-50376-SLJ, ECF No. 126. Appellant does refer to the arbitration clause in his reply papers, but this is insufficient to deem the matter properly raised before the Bankruptcy Court, for two reasons. First, a party cannot raise an issue for the first time in its reply brief. *In re Kelly*, 499 B.R. 844, 863 (S.D. Cal. 2013) (issue raised for first time in reply brief on appeal from

---

[2] This is not the first time that the Appellant has sought this result. Appellant's Emergency *Ex Parte* Motion for Temporary Restraining Order essentially argued that the arbitrator, rather than the state court, should have resolved disputes regarding the settlement agreement. *See* ECF No. 4, at 4.

5

Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION

bankruptcy court was waived); *see also Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."). Second, the two references Appellant makes to the arbitration issue in his reply are so oblique that it is not clear what relief he seeks. At one point, Appellant cites the arbitration clauses in the settlement agreement as evidence of why the settlement agreement is not self-executing. Bankr. Case No. 13-50376-SLJ, ECF No. 146, at 3. Appellant later cites to the arbitration clauses again and references the Federal Arbitration Act ("FAA"), but apparently to argue that it divests the Bankruptcy Court of jurisdiction to decide any issues related to the settlement agreement. *Id*. at 5. It is not clear from these references that Appellant was asking the Bankruptcy Court to compel arbitration, and therefore Appellant did not properly raise his Motion to Compel before the Bankruptcy Court. The proper way for Appellant to raise this argument would have been to present a motion to compel arbitration to the Bankruptcy Court, or to otherwise explicitly raise the issue below. Appellant cannot ask this Court to order arbitration in the first instance on appeal.[3]

Appellant also argues that the FAA gives this Court jurisdiction to hear Appellant's motion and issue a stay. *See* Mot. to Compel at 2. The FAA provides in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. However, it is well-established that a federal court only has jurisdiction over a petition to compel arbitration pursuant to the FAA if "the federal court would have jurisdiction over the underlying substantive dispute." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 58

---

[3] Appellant does not appear to argue that he properly raised the issue of arbitration before the Bankruptcy Court and was denied. Rather, Appellant argues that the "Bankruptcy Court has permitted Stevens to refuse to arbitrate the disputes arising under the Settlement Agreement," without citing to any holding or decision of the Bankruptcy Court. Mot. to Compel at 7; *see also id*. ("[N]either Stevens nor the Bankruptcy Court even acknowledge or address the existence of the arbitration agreement provisions, nor [sic] even the FAA provisions.").

(2009)). In other words, a federal court must have an independent basis for jurisdiction—either because the matter involves a question of federal law, or because it involves diverse parties—to issue a stay pursuant to the FAA. That is simply not the case here.

### B. Ex Parte Motion

Appellant did not present his motion for stay before the Bankruptcy Court and therefore it was procedurally improper to raise it here. *See* Fed. R. Bankr. P. 8005. In addition, because the Court does not have jurisdiction over Appellant's underlying Motion to Compel, the Court finds that Appellant is unlikely to succeed on the merits of his motion, and therefore the requirements necessary for a court to grant a motion for stay are not satisfied. *See In re Yeganeh*, No. 06-2788, 2006 WL 1310447, at *4.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's (1) Emergency *Ex Parte* Motion for Stay and (2) Motion to Compel Arbitration. The Court also notes that Appellant, in his filings before this Court and the Bankruptcy Court, has shown a proclivity to re-litigate issues previously settled by his agreement with Stevens. The Court reminds Appellant that his right to appeal the decisions of the Bankruptcy Court to this Court does not give him license to try to re-litigate every issue related to his settlement with Stevens, or the underlying judgment of the state court.

**IT IS SO ORDERED.**

Dated: October 9, 2014

_____

LUCY H. KOH
United States District Judge

7
Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION